OPINION
Petitioner-appellant James A. Young appeals from the October 5, 1999, Judgment Entry of the Tuscarawas County Court of Common Pleas. Petitioner-appellee is Beth Bache fka Beth Young.
 STATEMENT OF THE FACTS AND CASE
Appellant, James A. Young, and appellee, Beth Bache fka Beth Young, were previously married and had two children born as issue of their union, to-wit: Ryan, born April 5, 1984, and Kelly, born September 28, 1987. Pursuant to the parties Judgment Entry of Divorce, appellee was granted residential parental status of the two children. On May 12, 1998, appellant filed a motion requesting modification of residential parental status concerning the minor child, Ryan. It was recommended that appellant be granted residential parent status of Ryan in a September 10, 1998, Magistrate Decision. The Magistrate's Decision recommended that appellant pay child support in the amount of $103.59 per month plus a processing fee and $25.00 per month on any remaining arrearage. On September 24, 1998, appellee filed a written objection to the Magistrate's Decision. The objection came on for an evidentiary hearing before the trial court on August 23, 1999. Testimony at the hearing on the objections showed that appellee earned approximately $20,000.00 from January 1, 1998, to December 1, 1998. On December 1, 1998, appellee argued with her supervisor culminating with the following exchange: "My supervisor and I weren't seeing eye to eye on a couple of things with an employee and she said `your fired' and I said `I quit'." After either being fired or voluntarily quitting, appellee received unemployment compensation. However, at the time of the hearing, she was no longer receiving unemployment compensation nor had appellee found another job. Testimony showed that appellee had worked at Flex Team. Appellee had started as a receptionist, then was a staffer, a manager and eventually became a district manager. Appellant, through counsel, argued that appellee was voluntarily unemployed. At the conclusion of the oral hearing, the court ordered both parties to present proposed child support guideline worksheets to the trial court by August 25, 1999. On August 25, 1999, both parties submitted three separate child support worksheets each. The three work sheets corresponded to three distinct time periods: (1) support as of the date of the Magistrate's Decision (which recommended transferring residential parent status of Ryan to appellant), to the termination date of appellee's previous employment (September 11, 1998 — December 1, 1998); (2) from December 1, 1998, to the emancipation date of appellant's minor child from another relationship for which appellant had been paying support (December 1, 1998 — June 1, 1999); and, (3) ongoing child support from that date forward. In an October 5, 1999, Judgment Entry, the trial court ordered the following child support obligations against appellant: (1) 9/10/98 through 11/98 — monthly monetary child support obligation of petitioner James Young — $129.07 plus 2% processing fee; (2) 12/98 through 5/99 — monthly monetary child support obligation of petitioner James Young — $214.10 plus 2% processing fee; (3) 6/99 through present and thereafter unless modified — monthly monetary child support obligation of petitioner James Young — $236.01 plus 2% processing fee.
It is from the trial court's October 5, 1999, Judgment Entry that appellant prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN CALCULATING APPELLEE'S POTENTIAL INCOME FOR THE PURPOSE OF ESTABLISHING CHILD SUPPORT.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO PREPARE A CHILD SUPPORT WORKSHEET.
 I
Appellant, in his first assignment of error, argues that the trial court abused its discretion when it found appellee's income from June, 1999, to present, while she was unemployed and not receiving unemployment compensation, to be $10,712.00. Appellant contends that appellee voluntarily terminated her previous employment and the approximately $20,000.00 income she would have received had she continued her employment should be imputed to her, rather than assigning her the lower figure of $10,712.00. The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. We must look to the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Upon review of the totality of the circumstances, we find that the trial court abused its discretion in calculating child support. A trial court may not, when faced with a lack of evidence, assign its own figures in determining child support that would be in the best interests of the child. Bowen v. Thomas (1995), 102 Ohio App.3d 196,201, 656 N.E.2d 1328. We find that the trial court's decision was arbitrary. In regard to the calculation of child support for the period of June, 1999, through present, there is no evidence in the record to support calculation of the wife's income at $10,712.00. Appellee concedes that "the only evidence available to the trial court was that appellee was no longer working at her previous job." Appellee's Merit Brief at page 4. Although appellee was no longer working, the trial court assigned an income of $10,712.00. This would imply that the trial court concluded that appellee was voluntarily unemployed. However, no such finding is made in the Judgment Entry. Likewise, there is no indication in the Judgment Entry or hearing on this matter that the trial court considered and applied the statutory factors, as outlined in R.C.3113.215(A)(5)(a), to determine the amount of income that should be imputed to appellee. The record is without evidence as to how the trial court arrived at the income imputed to appellee. Appellant's first assignment of error is sustained as to the computation of the wife's wages from the time period of June, 1999, through present.
 II
In the second assignment of error, appellant submits that the trial court abused its discretion when it failed to prepare a child support computation worksheet. We disagree. The Ohio Supreme Court has found that R.C. 3113.215 mandates that a court complete a child support computation worksheet. Marker v. Grimm (1992),65 Ohio St.3d 139, 141-142. The Marker Court declared that "a worksheet must actually be completed" and that "the responsibility to ensure that the calculation is made using the . . . worksheet rests with the trial court." Marker at 142 (Emphasis original). The Supreme Court concluded that if the completion of a worksheet is required, the trial court must include the worksheet in the record. Id. In the case sub judice, the trial court in its October 5, 1999, Judgment Entry, adopted the worksheet submitted by appellee, finding the worksheet to be correct. A copy of the worksheet was attached to the trial court's Judgment Entry. We find that the requirements of R.C. 3113.215 and Marker v. Grimm, supra, were met by the trial court. A worksheet, found to be correct by the trial court, was completed and included in the Judgment Entry. While the trial court is responsible to ensure that a child support computation worksheet is completed and is correct, we do not believe that Marker intended to require a trial court to prepare a worksheet identical to the worksheet already prepared and filed by a party. Therefore, we find a trial court may adopt a worksheet of one of the parties it finds to be correct. Appellant's second assignment of error is overruled.
The Judgment of the Tuscarawas County Court of Common Pleas is reversed and remanded to the trial court for proceedings consistent with this opinion.
By EDWARDS and FARMER, concur. J. HOFFMAN, P.J concurs in part and dissents in part.